**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LOPEZ, | 1:06-cv-00935-AWI-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| VAGARIO, et. al., | (Doc. 1) |
| Defendants. | |

**I.   SCREENING ORDER**

Donald Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on July 20, 2006.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2 1915(e)(2)(B)(ii).

3    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4 which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
6 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
8 complaint under this standard, the court must accept as true the allegations of the complaint in
9 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12    **B.    Summary of Plaintiff's Complaint**

13    Plaintiff is a state prisoner at California Substance Abuse Treatment Facility and State
14 Prison ("SATF") in Corcoran California – where the acts he complains of occurred.  Plaintiff
15 names Correctional Officer Vagario, MTA Moc, and Does 1 -100 as defendants.  Plaintiff alleges
16 that: on November 30, 2004, when returning from transport for dialysis, C/O Vagario required
17 Plaintiff (who is 68 years old with rheumatoid arthritis) to remain in leg and waist restraints
18 while exiting the transport van; that once out of the van, C/O Vagario required plaintiff to lift his
19 left foot to be uncuffed; C/O Vagario refused to first un-cuff Plaintiff's arms from the waist
20 restraint so that Plaintiff might balance himself; when Plaintiff lifted his left foot, he began to
21 fall; C/O Vagario did nothing to prevent Plaintiff from falling, or to attempt to catch Plaintiff;
22 Plaintiff heard a "crunching noise" and knew something was broken when he landed on the
23 concrete; C/O Vagario did nothing to assist Plaintiff after his fall, rather Plaintiff had to remain
24 on the concrete for approximately 20 minutes before MTA Moc and Doe 1 (a female MTA)
25 arrived; MTA Moc ignored Plaintiff's request to be seen by a physician and returned Plaintiff to
26 his cell; Plaintiff's pain continued, and that same evening C/O Chavez (not a named defendant)
27 took Plaintiff to the CTC's emergency treatment facility where Does 2 & 3 gave Plaintiff regular
28 Tylenol; Plaintiff's pain continued and three days later he was seen by Dr. Bhatt (not a named

defendant) who ordered x-rays, blood tests, and Tylenol 325 mg.; after a month Plaintiff was seen by RN Tanner (not a named defendant) who sent Plaintiff to CTC; Dr. Woo (not a named defendant) examined Plaintiff at CTC and sent him by ambulance to Mercy Hospital where Plaintiff was diagnosed with four broken ribs, a damaged spleen, and loss of four pints of blood.

Plaintiff seeks monetary damages, injunctive relief, and transfer to another facility.

It should be noted that Plaintiff's complaint states amorphous facts and theories and fails to delineate which of his constitutional rights he believes have been violated. The Court provides Plaintiff with the following law that might apply to his generalized claims. However, it is Plaintiff's duty to specify his claims for relief against the defendant(s) and their factual basis. The Court will not guess as to which facts Plaintiff believes support his unspecified constitutional violation(s).

### C.    Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490

U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions Dr. Bhatt, RN Tanner, and Dr. Woo in his factual statement, but fails to identify them as defendants. If Plaintiff intends to pursue claims against these three persons, he must appropriately identify them as defendants in this action.

**D.     Claims for Relief**

   **1.** *Failure to Protect/Safety*

Plaintiff alleges that C/O Vagario failed to protect him from falling by requiring Plaintiff to lift his left leg for un-cuffing, while his arms remained attached to his waist restraint. The Court infers/assumes that Plaintiff intends to imply that C/O Vagario failed to protect and/or otherwise provide for Plaintiff's safe keeping.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

1    Plaintiff fails to demonstrate that C/O Vagario was deliberately indifferent to a serious
2 threat to Plaintiff's safety.  While it may have been difficult for Plaintiff to disembark the van
3 while in leg and waist restraints, he was able to do so without incident.  Requiring a prisoner to
4 lift a leg to be uncuffed, while remaining in waist restraints, and not attempting to catch him
5 when he is falling, does not show an intentional disregard to an excessive risk to inmate safety.
6    Thus, Plaintiff fails to state a cognizable claim against C/O Vagario for failing to
7 protect/provide for his safety.

### 2. *Deliberate Indifference to Serious Medical Needs*

9    Plaintiff alleges: that MTA Moc and Doe 1 (a female MTA) ignored his request to be
10 seen by a physician and returned Plaintiff to his cell; that during the night after the fall, Does 2
11 and 3 gave Plaintiff regular Tylenol and returned him to his cell; and three days after his fall, Dr.
12 Bhatt (not a named defendant) ordered x-rays, blood tests, and Tylenol.  The Court
13 infers/assumes that Plaintiff intends to imply that MTA Moc, Does 1, 2, and 3, and Dr. Bhatt
14 were deliberately indifferent to his serious medical needs by failing to diagnose his fractured ribs,
15 injured spleen, and blood loss.
16    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
17 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,
18 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the
19 level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of
20 the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
21 deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
22 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison
23 official does not act in a deliberately indifferent manner unless the official "knows of and
24 disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834
25 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or
26 intentionally interfere with medical treatment," or in the manner "in which prison physicians
27 provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
28 other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

6

1  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
2  further harm in order for the prisoner to make a claim of deliberate indifference to serious
3  medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison
4  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).
5        "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
6  1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the
7  facts from which the inference could be drawn that a substantial risk of serious harm exists,' but
8  that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a
9  prison official should have been aware of the risk, but was not, then the official has not violated
10  the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of
11  Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).
12        "A difference of opinion between a prisoner-patient and prison medical authorities
13  regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337,
14  1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course
15  of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .
16  that they chose this course in conscious disregard of an excessive risk to plaintiff's health."
17  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).
18        Plaintiff has not sufficiently alleged that any of the named defendants "[knew] of and
19  disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at
20  837. Further, Plaintiff has not shown that the delay in the diagnosis of his fractured ribs, injured
21  spleen, and blood loss led to further harm. McGuckin, 974 F.2d at 1060 (citing Shapely v.
22  Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).
23        Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his serious
24  medical needs.
25        **3.  *Transfer***
26        In his prayer for relief, Plaintiff requests that he be transferred to "a facility where he can
27  receive appropriate medical care and medication for his condition." However, Plaintiff is
28  advised that prison inmates do not have a constitutional right to be incarcerated at a particular

correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for

example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 14, 2008**                 /s/ Gary S. Austin
                                                                            UNITED STATES MAGISTRATE JUDGE