1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    DONALD LOPEZ,                    )        1:06-cv-00935-AWI-GSA-PC
                                      )
10          Plaintiff,                )        FINDINGS AND RECOMMENDATION
                                      )        TO DISMISS CASE FOR FAILURE TO
11   v.                               )        STATE A CLAIM
                                      )
12   VAGARIO, et al.,                 )        (DOCUMENT #12)
                                      )
13          Defendants.               )        OBJECTIONS, IF ANY, DUE IN THIRTY
                                      )        DAYS
14   _____)

15          Plaintiff Donald Lopez ("plaintiff") is proceeding pro se in a civil rights action pursuant

16   to 42 U.S.C. § 1983.  On July 15, 2008, the court issued an order requiring plaintiff to submit an

17   application to proceed in forma pauperis or pay the filing fee within thirty days of the date of service of

18   the order.  More than thirty days have passed and plaintiff has not complied with or otherwise responded

19   to the court's order.[1]

20          Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

21   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

22   all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

23   control their dockets and "in the exercise of that power, they may impose sanctions including, where

24   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

25   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

26   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

27   _____

28          [1] The United States Postal Service returned the order on July 24, 2008 as undeliverable.  A notation on the envelope
     indicates that plaintiff is deceased.

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

3   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

5   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

6   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

7   failure to lack of prosecution and failure to comply with local rules).  In determining whether to

8   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with

9   local rules, the court must consider several factors: (1) the public's interest in expeditious resolution

10  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

11  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

12  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at

13  130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14          In the instant case, the court finds that the public's interest in expeditiously resolving

15  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case

16  has been pending since July 20, 2006.  The third factor, risk of prejudice to defendants, also weighs

17  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

18  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

19  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

20  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to

21  obey the court's order will result in dismissal satisfies the "consideration of alternatives"

22  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at

23  1424.  The court's order requiring plaintiff to submit an application to proceed in forma pauperis

24  expressly stated: "If Plaintiff fails to comply with this order, this action will be dismissed for failure

25  to state a claim."  Thus, the court gave adequate warning that dismissal would result from

26  noncompliance with the court's order.

27          Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

28  failure to state a claim.

1    These Findings and Recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty

3 (20) days after being served with these Findings and Recommendations, plaintiff may file written

4 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7 1153 (9th Cir. 1991).

8

9

10    IT IS SO ORDERED.

11    **Dated:    August 29, 2008**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28