IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LOPEZ, | 1:06-cv-00935-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| VAGARIO, et al., | |
| Defendants. | |

Donald Lopez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 29, 2008, findings and recommendations were entered, recommending that this action be dismissed.  While the findings and recommendations recommended dismissal be based on plaintiff's failure to state a claim, the findings and recommendations' content discusses dismissal for plaintiff's failure to comply with a court order.  Plaintiff was provided an opportunity to file objections to the findings and recommendations within thirty days.  To date, plaintiff has not

1

filed objections or otherwise responded to the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court will dismiss this action. On July 15, 2008, the Magistrate Judge dismissed the complaint for failure to state a claim and ordered plaintiff to file an amended complaint.   Because plaintiff did not file an amended complaint, this action is subject to dismissal for plaintiff's failure to comply with the July 15, 2008 order.   In addition, the complaint  was properly dismissed as failing to state a claim as explained in the July 15, 2008 order.  In light of the court's July 15, 2008 order, this case can also be dismissed for Plaintiff's failure to state a claim.  See <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured);  <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, THE COURT HEREBY ORDERS that:

1. This action is dismissed based on plaintiff's failure to comply with a court order ***and*** failure to state a claim; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   October 15, 2008**              /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The United States Postal Service returned the findings and recommendations on September 16, 2008, as undeliverable.  A notation on the envelope indicates that plaintiff is deceased.

2